# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**RANDY G. HANDRINOS,**
    Plaintiff,

vs.                                        Case No. 2010-cv-10001-RHC-MJH
                                             Hon: Robert H. Cleland

**THE BING GROUP, LLC,
OAKLAND STAMPING, LLC
and L&W STAMPING CO.,**
    Defendants.
_____/

| | |
|---|---|
| **COOPER LAW FIRM, PLLC**<br>John J. Cooper (P53738)<br>Attorneys for Plaintiff<br>1615 W. Big Beaver Road<br>Suite A-6<br>Troy, Michigan 48084<br>248-822-2212<br>johnjcooper@sbcglobal.net<br><br>**FINKEL WHITEFIELD SELIK**<br>Robert J. Finkel (P13435)<br>Michael L. Weissman (P51437)<br>Attorneys for Defendant BING GROUP LLC<br>32300 Northwestern Highway, Suite 200<br>Farmington Hills, Michigan 48334-1567<br>(248) 855-6500<br>rfinkel@fwslaw.com<br>mweissman@fwslaw.com | **BARRIS, SOTT, DENN & DRIKER, PLLC**<br>Stephen E. Glazek (P-23186)<br>Rebecca G. Simkins (P-54787)<br>Attorneys for Defendants Oakland Stamping, LLC<br>and L&W Stamping Co.<br>211 West Fort Street<br>Suite 1500<br>Detroit, Michigan 48226-3281<br>313-596-9319<br>sglazek@bsdd.com<br>rsimkins@bsdd.com |

_____/

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

        At a session of said Court held in the
        City of Detroit, State of Michigan,
        on   May 18, 2010
        PRESENT: Robert H. Cleland
                DISTRICT COURT JUDGE

The Court has ordered that Oakland Stamping, LLC and L & W, Inc. file a motion on the issue of successor liability. The Court has also ordered that before discovery is conducted regarding other issues, the parties shall first conduct discovery regarding the issue of whether Defendant The Bing Group, LLC ("The Bing Group") is collectible. The parties, through their undersigned counsel, have acknowledged that financial, ownership and other proprietary information and documents relating to Oakland Stamping, LLC, L & W, Inc., and The Bing Group are or may constitute confidential commercial or private information subject to protection pursuant to Fed.R.Civ.P. 26(c)(1)(G). The Court and parties desire to protect such Confidential Information from disclosure and therefore have stipulated that this Confidentiality and Protective Order may be entered by the Court and shall govern all such Confidential Information and documents as designated by Oakland Stamping, LLC, L & W, Inc., and The Bing Group produced in these proceedings.

**IT IS ORDERED AS FOLLOWS:**

I. In connection with any discovery proceedings relative to this case, this Confidentiality and Protective Order ("Confidentiality Order") shall apply to any financial, ownership and proprietary information or documents of Oakland Stamping, Inc., L & W, Inc. and The Bing Group that are subject to discovery in this proceeding (hereinafter "Confidential Information"). Confidential Information shall include all information, documents and things relating to the financial condition, ownership status and proprietary information of Defendants, including but not limited to copies, summaries or abstracts of the foregoing. The parties shall designate documents that constitute Confidential Information by placing the word "CONFIDENTIAL" on each page of such documents.

II. Testimony taken at a deposition, conference, or hearing may be designated as "CONFIDENTIAL" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and/or transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL, and to label such portions appropriately. When testimony designated as CONFIDENTIAL is elicited during a deposition or other proceeding, persons not entitled to receive such information under the terms of this Confidentiality Order shall be excluded therefrom.

III. Confidential Information, including, without limitation, any summaries, copies, abstracts, or other documents derived in whole or in part from Confidential Information shall be used only for the purpose of the prosecution, defense, or settlement of this case, and for no other purpose.

IV. Confidential Information produced in this case may be disclosed or made available only to the "qualified persons" designated below:

    (a) the Court, including any court exercising appellate jurisdiction with respect to this action (collectively, the "Court"), Court officials and employees, and stenographers transcribing testimony or argument, and for use as exhibits at trial;

    (b) the parties in this action and employees of the parties who have the need to know or receive Confidential Information for purposes of this litigation, provided that each such person shall be bound by this Protective Order and otherwise instructed not to disclose the Confidential Information or the fact that he or she possesses Confidential Information to any person;

    (c) counsel to the Parties, including attorneys, clerical, paralegal, secretarial, and other staff employed or retained by such counsel, who have the need to know or receive Confidential Information for purposes of this litigation;

    (d) any deposition or trial witness in this action provided there is a legitimate good-faith basis for disclosing the Confidential Information to the deponent or witness;

    (e) non-party experts specifically retained and/or consulted by any party and/or the party's counsel in this litigation, provided that each such expert witness shall be bound by this Confidentiality Order and otherwise instructed not to disclose the Confidential Information or the fact that he or she possesses Confidential Information to any person, except as may be necessary within his or her own organization to research, test, investigate, or perform clerical tasks associated solely with this action; and

    (f) any other person as to whom the parties agree in writing.

The attorneys of record for the parties to this proceeding shall make the terms of this Confidentiality Order known to all other persons bound by this Confidentiality Order, together with their clients.

V. If Confidential Information, including any portion of a deposition transcript designated as "CONFIDENTIAL," is attached to or an exhibit of any papers to be filed with the Court, such attachments shall be labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and must be filed under seal as provided in Fed.R.Civ.P. 5.2(d) and nonparties to this case shall be prohibited from viewing or accessing such confidential Information by way of remote electronic access or otherwise as provided in Fed.R.Civ.P. 5.2(e).

VI. In the event that any Confidential Information is used in any proceeding in this case, it shall not lose its confidential status through such use and the party using such shall take

all reasonable steps required by this order to maintain its confidentiality during such use to ensure that end.

VII. This Confidentiality Order shall be without prejudice to the right of the parties to present a motion to the Court for a separate confidentiality order as to any particular document or information, including restrictions differing from or in addition to those specified herein. A party may file a motion with the Court challenging the designation of documents, materials, testimony, or other matters as CONFIDENTIAL or the failure to so designate any such things. Pending a final decision by the Court regarding the propriety of a designation or failure to designate, the documents, materials, testimony or other matter at issue shall maintain its status as Confidential Information.

VIII. This Confidentiality Order shall not be deemed to prejudice the parties in any way in any future application for modification of any confidentiality or protective order.

IX. This Confidentiality Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this case without involving the Court unnecessarily in the process. Nothing in this Confidentiality Order, nor the giving of testimony or the production of any information or documents under the terms of this Confidentiality Order, nor any proceedings pursuant to this Confidentiality Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. This Confidentiality Order shall not waive any party's objection to the admissibility of a document produced under the terms of the Order or waive any objection they may have to discovery.

X. This Confidentiality Order shall survive the final termination of this case and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, or earlier if ruled by the Court, counsel for the parties and the parties shall assemble any Confidential Information and materials designated "CONFIDENTIAL" (including any copies thereof) and return them to the party who provided them, although counsel may maintain a copy to preserve a file concerning this case.

XI. The inadvertent or unintentional production of documents containing attorney-client communications, attorney work-product or settlement discussions, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, privilege or protection as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality or privilege informs the opposing party of its claim within a reasonable time after learning of the production. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all the pertinent facts relating to such disclosure to the attention of counsel for all parties without prejudice to the rights and remedies of any party, and shall make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

XII. Nothing in this Confidentiality Order is intended to subtract from, or modify any party's objections to the other party's request for production of documents, or to otherwise affect the parties' rights and claims. Nothing in this Order shall prevent any party from seeking amendments broadening or restricting the right of access to or the use of Confidential Information, or from otherwise seeking modification of this Order.

XIII. This Confidentiality Order may be modified only by written agreement signed by counsel for the parties to the litigation, or in a subsequent order entered by the Court. The terms of this Order are contractual and may be enforced in a court of competent jurisdiction.

Dated: 5/18/2010                        s/Robert H. Cleland
                                                   DISTRICT COURT JUDGE

Stipulated to form and substance; notice of entry waived.

/s/ John J. Copper (w/permission)          /s/ Rebecca Simkins
John J. Cooper (P53738)                    Stephen E. Glazek (P23186)
Attorney for Plaintiff                        Rebecca Simkins (P54787)
                                               Attorney for Defendants Oakland
                                               Stamping, LLC and L&W Stamping Co.

/s/ Robert J. Finkel (w/permission)
Robert J. Finkel (P13435)
Attorney for Defendant Bing Group LLC

391987v1